UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THAICHA M. CORDERO BURGOS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 13-30165-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND DEFENDNAT'S MOTION FOR ORDER AFFIRMING
COMMISSIONER
(Dkt. Nos. 14 and 20)

September 23, 2014

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by Carolyn Colvin, the Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). The parties have filed cross-motions for judgment on the pleadings. At issue is whether the Administrative Law Judge ("ALJ") erred either by reaching conclusions regarding the scope of Plaintiff's mental residual functional capacity ("RFC") that were not supported by substantial evidence or by failing to properly exercise her discretion in discounting Plaintiff's credibility.

As discussed below, the ALJ relied on substantial evidence in reaching her conclusions regarding Plaintiff's RFC and properly exercised her discretion in assessing Plaintiff's credibility. The court will, therefore, deny Plainitff's Motion for Judgment of the Pleadings, (Dkt. No. 14), and allow Defendant's Motion for Order Affirming the Decision of the Commissioner, (Dkt. No. 20).

I.     DISCUSSION

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the standard of review.

A.  Standard of Review

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. 405(g). Substantial evidence means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Additionally, it is the Commissioner's responsibility to decide issues of credibility. Id.

B.  Disability Standard and the ALJ's Decision

Entitlement to SSI requires a showing of both disability and financial need. See 42 U.S.C. § 1381a. Here, Plaintiff's financial need is not challenged.

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

Seavey v. Barnhart, 276 F.3d at 5; see also 20 C.F.R. § 416.920(a)(4).

In the instant case, the ALJ found as follows with respect to these steps. First, Plaintiff has not engaged in substantial gainful activity since the date of her application, February 1, 2010. Moving to step two, the ALJ found that Plaintiff had three severe impairments: anxiety, depression, and a cyst in her right hand. At the third step the ALJ determined that Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Continuing to step four, the ALJ found that Plaintiff's RFC allows her to perform light work, as defined in 20 C.F.R. 416.967(b), provided that the work is further limited to occasional pushing, pulling, and handling with her right hand/arm; simple, unskilled, 1-2 step, routine, repetitive tasks; and no more than occasional decision making or interaction with the general public. She further found that these limitations preclude Plaintiff from performing past relevant work. At step five, the ALJ concluded that given Plaintiff's age, education, work experience, and RFC, she was capable of performing work as a sorter or inspector, both jobs that exist in the national economy. As a result, the ALJ determined that Plaintiff was not disabled.

Plaintiff makes two arguments challenging the ALJ's decision. First, Plaintiff asserts that the ALJ failed to include all of Plaintiff's mental limitations when crafting the Plaintiff's RFC, despite

3

substantial evidence supporting additional limitations. Second, Plaintiff asserts that the ALJ erred when she based her assessment of Plaintiff's credibility, in part, on her conclusion that Plaintiff had not received "regular psychiatric treatment or medications" from May 2011 through the date of the hearing in February 2012. (SSA Admin. Rec. of Soc. Sec. Proceedings 28, Dkt. No. 13-1 (hereinafter A.R.).) In response, the Commissioner argues that substantial evidence supports the ALJ's mental RFC determination and that she appropriately exercised her discretion when she discounted Plaintiff's credibility. As the ALJ relied on her conclusions regarding Plaintiff's credibility when she made her mental RFC determination, the court first addresses the ALJ's assessment of Plaintiff's credibility.

A. <u>Plaintiff's Credibility</u>

Plaintiff argues that the ALJ relied on incorrect information when she evaluated Plaintiff's credibility and determined that Plaintiff's symptoms were not causing her limitations beyond those found by the ALJ. The error Plaintiff points to is in the portion of the ALJ's opinion in which the ALJ explained her reasons for finding that Plaintiff's complaints of psychological symptoms were not credible. The ALJ wrote, in part, that "the record shows that [Plaintiff] has not resumed regular psychiatric treatment or medications since May 2011, when she went to Puerto Rico and her case at Valley Psychiatric Services was closed due to her no-shows for appointments." (A.R. at 28.) Plaintiff asserts that this sentence demonstrates that the ALJ relied on incorrect factual information when she assessed Plaintiff's credibility. The court does not share Plaintiff's reading of this sentence.

At the administrative hearing, Plaintiff testified that her case at Valley Psychiatric Services was closed in or around May 2011. (A.R. at 44.) Thereafter, Plaintiff testified that she became unable to refill her medication because she was no longer seeing the prescribing psychiatrist, whom she had seen through Valley Psychiatric Services, and was still on a waiting list to see a new prescriber. (A.R. at 45.) At the time of the hearing, Plaintiff testified that she had been unmedicated for five months

4

and had not been hospitalized within that time. (A.R. at 46-47.) When Plaintiff testified at the hearing that she had begun to see a new mental health provider in November 2011, the ALJ wanted to know whether the new provider was Plaintiff's "therapist or [her] counselor." (A.R. at 44-45). The ALJ's questions on this topic indicate that the ALJ was seeking to distinguish between those providers who could prescribe medication for Plaintiff and those who could not. In Plaintiff's case, it made sense that the ALJ would distinguish between the two types of care because Plaintiff herself testified that her condition worsened when she was not on her medication.

The court understands the ALJ's statement regarding the gap in Plaintiff's receipt of "regular psychiatric care" as describing the undisputed break in care from a prescribing psychiatrist that began in May 2011 and carried on through the time of the administrative hearing in February 2012. This reading is consistent with the ALJ's attempt during the hearing to distinguish between mental health care that included medication and mental health care that did not. Additionally, such a reading reconciles the ALJ's statement about the gap in "regular psychiatric care" with the specific reference elsewhere in the opinion to Plaintiff's receipt of an "adult comprehensive assessment due to ongoing depression and anxiety" on November 16, 2011. Having determined that the ALJ did not base her credibility assessment of Plaintiff on a mistake of fact, the court turns to Plaintiff's assertion that the ALJ erred in not including additional limitations in the Plaintiff's mental RFC.

B.  Plaintiff's Mental RFC

Plaintiff argues that the ALJ disregarded substantial evidence in the record regarding the severity of Plaintiff's depression and anxiety when she determined Plaintiff's RFC. She has not identified with specificity the additional impairments the ALJ should have found and does not point to specific findings from Plaintiff's health care providers that are inconsistent with the ALJ's determination. In making her argument, Plaintiff asks the court to flip the standard of review and ask whether there is substantial evidence that would have supported the ALJ in reaching different

5

conclusions, rather than ask whether there was substantial evidence to support the decision the ALJ actually made. See Evangelista v. Sec'y of HHA, 826 F.2d 136, 144 (1st Cir. 1987). Applying the correct standard of review, the court concludes that there was ample evidence supporting the ALJ's determination of Plaintiff's mental RFC.

After reviewing Plaintiff's treatment history in detail, the ALJ concluded that though Plaintiff suffered from severe anxiety and depression, she retained the mental RFC to perform "simple, unskilled, 1-2 step, routine, repetitive tasks," provided she be limited to "low-stress work" with no more than occasional decision-making or interaction with the general public. (A.R. at 24.) In reaching this decision, the ALJ permissibly disregarded some of Plaintiff's self-reported limitations, concluding that the severity of her reports was not credible. Specifically, the ALJ considered that Plaintiff managed "a wide range of daily activities, including independently caring for her five-year-old son, housework and shopping," through a period during which she was not taking medication and reported that her symptoms had worsened. (A.R. at 28), see Teixeira v. Astrue, 755 F. Supp. 2d 340, 347 (D. Mass. 2010) ("While a claimant's performance of household chores or the like ought not be equated to an ability to participate effectively in the workforce, evidence of daily activities can be used to support a negative credibility finding."). The ALJ's decision was also informed by Plaintiff's treatment records indicating that Plaintiff did well when she was receiving regular therapy and medication. (A.R. at 310, 312-13, 375.) Having carefully reviewed the ALJ's reasoning and considered the entire administrative record, the court concludes that the ALJ's decision regarding Plaintiff's mental RFC was based on substantial evidence.

II. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 14), and ALLOWS Defendant's Motion for Order Affirming Decision of the

Commissioner, (Dkt. No. 20). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge